# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **OSPREAY LLC,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**CONSOLIDATED COMMUNICATIONS ENTERPRISE SERVICES, INC.,**<br><br>        **Defendant.** | No. 1:18-cv-1366-CFC<br><br>**JURY TRIAL DEMANDED** |

## FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Ospreay LLC, by and through its undersigned counsel, files its First Amended Complaint for Patent Infringement substituting Defendant Fairpoint Communications LLC for Consolidated Communications Enterprise Services, Inc., as the proper defendant in this case and alleges based on knowledge as to itself and information and belief as to the Defendant as follows.

## THE PARTIES

1.    Plaintiff Ospreay LLC is a Texas limited liability company with a principal office at 700 Lavaca Street, Suite 1401, Austin, TX 78701-3101.

2.    Defendant Consolidated Communications Enterprise Services, Inc., is a Delaware corporation with a regular and established place of business at 121 South 17th Street, Mattoon, IL 61938-3987.  Defendant may be served with process at Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.

## JURISDICTION AND VENUE

3.    This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

4.    Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

5.      Upon information and belief, this Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this Judicial District, directly or through intermediaries; (ii) at least a portion of the alleged infringements occurred in this Judicial District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this Judicial District.

6.      Venue is proper in this Judicial District under 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

7.      On December 7, 2004, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,829,246 ("the '246 Patent"), titled "System and Method for Extending the Range of XDSL Services."  A true and correct copy of the '246 Patent is attached at Exhibit 1.

8.      The '246 Patent is presumed valid under 35 U.S.C. § 282(a).

9.      Plaintiff is the owner and assignee of all substantial rights, title, and interest in the '246 Patent.

10.     The '246 Patent discloses a system and method for extending the distance that xDSL services are able to be provided to subscribers over the conventional telephone system.  A Digital Subscriber Line ("DSL") access multiplexer ("DSLAM") located at a Central Office is connected to a general-purpose network, such as the Internet.  The DSLAM is additionally connected to a first fiber optic transceiver.  The first fiber optic transceiver is connected via a fiber optic link to a second fiber optic transceiver located proximate to the subscribers' premises, preferably in a street cabinet.  Each subscriber premise's equipment is connected to the broadband transceiver via subscriber lines.  Electrical signals to be transmitted between the Central Office and the subscribers' premises are utilized to form a frequency division multiplexed signal.  The frequency division multiplexed signal is used to modulate a light subcarrier for transmission across the fiber optic link.  At the respective receiving transceiver, the frequency division multiplexed signal is reconverted to the electrical signals, which are then

applied to the subscriber premises equipment or DSLAM, depending upon the direction of communication.

## THE ACCUSED PRODUCTS

11. Defendant makes, uses (at least by testing), sells, offers for sale, or imports Accused Products that infringe one or more claims of the '246 Patent.

12. Defendant's Accused Products are its Zhone 1511-A1, 1512-A1, 1512-B1, 1518-A1, 6219-X1, 6381-A5, 6511-A1, 6512-A1, 6518-A1, 6519-A1and 6519-A2 Modems.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,829,246

13. Plaintiff incorporates by reference each of its foregoing allegations.

14. Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant directly infringes one or more claims of the '246 Patent in this Judicial District and throughout the United States, literally or under the doctrine of equivalents, by making, using (at least by testing), selling, offering for sale, or importing their Accused Products as shown in Exhibit 2.

15. The claims of the '246 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

16. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's Accused Products infringe the claims of the '246 Patent upon a plain reading of this Complaint, the '246 Patent, and Exhibit 2.

17. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

18. Since at least the date that Defendant was served with a copy of this Complaint, Defendant has known that their Accused Products directly infringe one or more claims of the '246 Patent.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has infringed the '246 Patent under 35 U.S.C. § 271(a);

B. An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past and future infringement, including any infringement from the date of filing of this Complaint through the date of judgment, together with interest and costs;

D. Judgment that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs; and

E. Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: October 24, 2018

Respectfully Submitted,

OF COUNSEL:
Peter J. Corcoran, III
CORCORAN IP LAW PLLC
2019 Richmond Road, Suite 380
Texarkana, Texas 75503
Tel: (903) 701-2481
Fax: (844) 362-3291
Email: peter@corcoranip.com

*/s/ Stamatios Stamoulis*
STAMATIOS STAMOULIS (#4606)
STAMOULIS & WEINBLATT LLC
Two Fox Point Centre
6 Denny Rd.
Suite 307
Wilmington, DE 19809
(302) 999-1540
stamoulis@swdelaw.com

*Counsel for Plaintiff*
*Ospreay LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record whom have consented to electronic service were served with a copy of this document under this Court's CM/ECF system and local rules on October 24, 2018.

*/s/ Stamatios Stamoulis*
STAMATIOS STAMOULIS